## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ADRIANA ADAMS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. NO.: N17C-11-049 AML |
| | ) | |
| KEVIN GEFFE, D.O.; DIAMOND | ) | |
| STATE SURGICAL | ) | JURY TRIAL OF 12 DEMANDED |
| ASSOCIATES, LLC; and | ) | |
| BAYHEALTH MEDICAL | ) | |
| CENTER, INC. d/b/a KENT | ) | |
| GENERAL HOSPITAL, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: December 29, 2017
Decided: January 12, 2018

## ORDER

### Upon Review of the Affidavit of Merit – Accepted

On December 29, 2017, Defendant Bayhealth Medical Center, Inc. ("Bayhealth") moved to have the Court review Plaintiff's affidavits of merit, *in camera*, to determine whether they comply with 18 *Del. C.* §§ 6853(a)(1), (c) and 6854. Specifically, Bayhealth asked the Court to determine whether each affidavit of merit:

a) Is signed by an expert witness as defined in 18 *Del. C.* § 6854;

b) Is accompanied by *curriculum vitae* for each expert which establishes that the expert for three years preceding the allegedly negligent act(s) has

engaged in the treatment of patients and/or in the teaching/academic side of medicine in the same or similar field(s) of medicine as Dr. Geffe;

c) States the affiant-expert's opinion that there are reasonable grounds to believe that specifically-enumerated breaches of the applicable standard of care by the named defendant(s) proximately caused the injuries claimed in the complaint;

d) States an opinion that there has been medical negligence by each defendant;

e) States that each breach by each defendant was a proximate cause of injuries alleged in the complaint;

f) States that the affiant-expert is licensed to practice medicine as of the date of the affidavit; and

g) Identifies the specific field of practice of the affiant-expert, and states that he or she is board certified in the same fields of medicine as Dr. Geffe.

In Delaware, a healthcare negligence lawsuit must be filed with an affidavit of merit, signed by an expert, and accompanied by the expert's current *curriculum vitae*.[1] The expert must be licensed to practice medicine as of the affidavit's date and engaged in the same or similar field as the defendant in the three years

---

[1] *Id.* § 6853(a)(1).

1

immediately preceding the alleged negligence.[2] The expert must be "familiar with the degree of skill ordinarily employed in the field of medicine on which he or she will testify."[3] The affidavit must state that reasonable grounds exist to believe the defendant was negligent in a way that proximately caused the plaintiff's injury.[4] The statute's requirements are minimal. Accordingly, an affidavit of merit tracking the statutory language complies with the statute.[5]

After *in camera* review, the Court finds each affidavit:

a) Is signed by an expert witness as defined in 18 *Del. C.* § 6854;

b) Is accompanied by *curriculum vitae* for the expert which establishes that the expert for three years preceding the allegedly negligent act has engaged in the treatment of patients and/or in the teaching/academic side of medicine in the same or similar field(s) of medicine as Dr. Geffe;

c) States the affiant-expert's opinion that there are reasonable grounds to believe that specifically-enumerated breaches of the applicable standard of care by Dr. Geffe, Diamond State Surgical Associates (through the breaches of Dr. Geffe), and Bayhealth (through the breaches of Dr. Geffe) proximately caused the injuries claimed in the complaint;

---

[2] *Id.* § 6853(c).
[3] *Id.* § 6854.
[4] *Id.* § 6853(c).
[5] *See Dishmon v. Fucci*, 32 A.3d 338, 342 (Del. 2011) ("In order to satisfy the *prima facie* burden, an Affidavit of Merit must only contain an expert's sworn statement that medical negligence occurred, along with confirmation that he or she is qualified to proffer a medical opinion.").

2

d) States an opinion that there has been medical negligence by each defendant;

e) States that each breach by each defendant was a proximate cause of injuries alleged in the complaint;

f) States that the affiant-expert is licensed to practice medicine as of the date of the affidavit; and

g) Identifies the specific field of practice of the affiant-expert, and states that he or she is board certified in the same field of medicine as Dr. Geffe.

Considering the above, the Court finds that the affidavit of merit complies with 18 *Del. C.* §§ 6853(a)(1), (c), and 6854 as to Defendants Dr. Geffe, Diamond State Surgical Associates, and Bayhealth.

**IT IS SO ORDERED.**

Abigail M. LeGrow, Judge

Original to Prothonotary
cc:    James E. Drnec, Esquire
        Melony R. Anderson, Esquire
        Philip T. Edwards, Esquire

3